**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

STEVE RIVERA, *individually and*
*on behalf of all others similarly situated*,                **CLASS ACTION**

    Plaintiff,                                                                   **JURY TRIAL DEMANDED**

v.

COLLECTION BUREAU HUDSON
VALLEY, INC.,

    Defendant.
_____/

**CLASS ACTION COMPLAINT**

Plaintiff Steve Rivera brings this class action against Defendant Collection Bureau Hudson Valley, Inc., and states:

**NATURE OF THE ACTION**

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d.

2. Defendant is a debt collector headquartered in New York.

3. Defendant routinely violates the TCPA by using prerecorded message calls to collect debts, even after having been informed by recipients of those calls that it has reached the wrong person and telephone number.

4. Defendant also routinely violates the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of debts, in that it continues to place calls to consumers for the purpose of debt collection even

after it is made aware, or should know, that it is placing calls to the wrong person and telephone number.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, statutory damages on behalf of themselves and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of federal statutes.

7. Defendant is subject to specific personal jurisdiction in Florida because this suit arises out of and relates to Defendant's significant contacts with this State. Defendant initiated and directed, or caused to be initiated and directed, calls into Florida in violation of the TCPA and FDCPA. Specifically, Defendant initiated and directed, or caused to be initiated and directed, the transmission of calls into Florida. Plaintiff's telephone number has an area code that specifically coincides with locations in Florida, and Plaintiff received such calls while residing in and physically present in Florida. Plaintiff's claims for violation of the TCPA and FDCPA against Defendant, and the resulting injuries caused to Plaintiff by Defendant's calls, which includes the invasion of Plaintiff's privacy, arose in substantial part from Defendant's direction of those messages into Florida.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

9. Plaintiff is a natural person who, during all times relevant to this action, was a citizen of and domiciled in Palm Beach County, Florida.

10. Defendant is a Delaware corporation with its headquarters located in New York.

11. Defendant is an entity that at all relevant times was engaged, by use of the telephone, in the business of attempting to collect a "debt"—in default—as defined by 15 U.S.C. § 1692a(5).

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

13. Defendant identifies itself as a debt collector in its communications with consumers, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14. Further, on its website, Defendant states: "This is an attempt to collect a debt by a debt collector; any information obtained will be used for that purpose."[1]

15. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

16. Beginning on or about March 15, 2021 through April 6, 2021, Defendant placed at least three prerecorded voice calls to Plaintiff's cellular telephone number ending in 4416 (the "4416 Number").

17. All of the prerecorded messages similarly stated that Defendant was looking for

---

[1] www.cbhv.com; (last accessed on Apr. 13, 2021).

"Judith Cooper".

18. Plaintiff is not "Judith Cooper" and does not know anyone by that name.

19. Upon information and belief, Defendant maintains business records that show all calls it placed to Plaintiff's cellular telephone number.

20. Despite knowing it was calling the wrong person, Defendant continued placing calls to Plaintiff's cellular telephone number.

21. Plaintiff is not, nor was, Defendant's customer.

22. Plaintiff does not, nor did, have any business relationship with Defendant.

23. Plaintiff does not, nor did, have any account with Defendant.

24. Plaintiff does not owe any money to Defendant.

25. Plaintiff did not provide his cellular telephone number to Defendant.

26. Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number using an artificial or prerecorded voice.

27. Defendant placed its calls to Plaintiff's cellular telephone number in an effort to reach a third party.

28. Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

29. Rather, Defendant's calls to Plaintiff's cellular telephone number were in an apparent effort to reach one of Defendant's accountholders and for the purpose of attempting to collect a debt.

30. Plaintiff does not know the third party that Defendant attempted to reach by placing calls her cellular telephone number.

31. At the time Plaintiff received these calls Plaintiff was the subscriber and sole user

of the 4416 Number.

32. Plaintiff received the subject calls within this District and, therefore, Defendants' violations of the TCPA and FDCPA occurred within this District.

33. Upon information and belief, Defendant caused similar calls to be placed to individuals residing within this judicial district.

34. Defendant's unsolicited calls caused Plaintiff additional harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's call also inconvenienced Plaintiff and caused disruption to her daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

35. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and all others similarly situated.

36. Plaintiff brings this case on behalf of the classes defined as follows:

> **TCPA Class:** All persons and entities throughout the United States (1) to whom Defendant placed, or caused to be placed, at least one call (2) directed to a number assigned to a residential or cellular telephone service, by (3) using an artificial or prerecorded voice, (4) during the four years prior to the filing of this lawsuit through and including the date of class certification, (5) where the called party did not have an account or debt with and/or serviced by Defendant and/or after having notified Defendant that it was calling the wrong party.
>
> **FDCPA Class:** All persons and entities throughout the United States (1) to whom Defendant placed, or caused to be placed, calls, (2) during the four years prior to the filing of this lawsuit through and including the date of class certification, (3) and in connection with the collection of a consumer debt, (4) after Defendant was informed that it was calling the wrong person.

37. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

38. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

39. Upon information and belief, Defendant has placed prerecorded calls to telephone numbers belonging to thousands of consumers throughout the United States without consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

40. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

41. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

   a) Whether Defendant made non-emergency calls to Plaintiff's and Class members' telephones using prerecorded messages;

   b) Whether Defendant violated the FDCPA through harassing and oppressive debt collection tactics;

   c) Whether Defendant made non-emergency calls to wrong or reassigned telephone numbers;

   d) Whether Defendant continued to call consumers after being informed that it was calling the wrong party;

    e) Whether Defendant can meet its burden of showing that it obtained prior express consent to make such calls;

    f) Whether Defendant's conduct was knowing and willful;

    g) Whether Defendant is liable for damages, and the amount of such damages; and

    h) Whether Defendant should be enjoined from such conduct in the future.

42. The common questions in this case are capable of having common answers.

### TYPICALITY

43. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

44. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

45. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

46. The prosecution of separate actions by members of the Class would create a risk of

establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the TCPA Class)

47. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

48. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any … using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

49. It is also a violation of the TCPA to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party…." 47 U.S.C. § 227(b)(1)(B).

50. Defendant – or third parties directed by Defendant – transmitted calls using an artificial or prerecorded voice to the telephone numbers of Plaintiff and members of the putative class.

51. Defendant did not have prior express consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

52. Defendant knew or should have known that it was contacting the wrong party, but Defendant nevertheless persisted in its calls.

53. Defendant has, therefore, violated § 227(b)(1) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the telephones of Plaintiff and the

other members of the putative Class without their prior express consent.

54. The violations were willful or knowing because Defendant knew that it did not have prior express consent to make these calls.

55. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id*.

56. Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had revoked any express consent to receive its messages to their telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

## COUNT II
### Violations of the TCPA, 47 U.S.C. § 227(b)
**(On Behalf of Plaintiff and the FDCPA Class)**

57. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-49.

58. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of consumer debts.

59. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's and the Class members' telephones to ring repeatedly or continuously, with intent to annoy, abuse, or harass them at the called numbers.

60. Defendant knew or should have known that it was contacting the wrong party. Defendant nevertheless persisted in its harassing and abusing calls.

61. Defendant did so by repeatedly dialing Plaintiff's and the Class members'

telephone numbers after being made aware it was calling the wrong person.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Classes;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiff seeks for themselves and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiff seeks for themselves and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e) An order declaring that Defendant's actions, as set out above, violate the TCPA;

f) An injunction requiring Defendant to cease all unsolicited prerecorded or ATDS call activity, and to otherwise protect the interests of the Classes;

g) Adjudging that Defendant violated 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5), and enjoining Defendant from further violations of 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5) with respect to Plaintiff and the other members of the FDCPA Class;

h) Awarding Plaintiff and members of the FDCPA Class statutory damages pursuant

       to 15 U.S.C. § 1692k;

i) Awarding Plaintiff and members of the classes their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure; and

j) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: April 13, 2021

                                        Respectfully Submitted,

By:   **HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
mhiraldo@hiraldolaw.com
Telephone: 954-400-4713

**IJH LAW**
Ignacio J. Hiraldo, Esq.
Florida Bar No. 56031
1200 Brickell Ave., Suite 1950
Miami, FL 33131
Email: ijhiraldo@ijhlaw.com
Telephone: 786.496.4469